1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11    BRYAN BOSTIC,                        Case No. 5:23-cv-00333-JWH-JC

12                    Plaintiff,
                                           MEMORANDUM OPINION AND
13           v.                            ORDER DISMISSING ACTION

14    LARRY D. SMITH FACILITY,

15

16                    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND AND SUMMARY

On February 15, 2023, Plaintiff Bryan Bostic, who was then in custody, signed a Civil Rights Complaint that was formally filed on February 23, 2023. (Docket No. 1).  The Complaint reflects that Plaintiff was then housed at the Larry D. Smith Correctional Facility, 1627 S. Hargrave Street, Banning, California 92220 ("Address of Record").

On February 28, 2023, the Clerk issued and served on Plaintiff at his Address of Record, a Discrepancy Notice regarding Plaintiff's failure to pay the filing fee, notifying him that if he could not pay the filing fee he must complete and return an attached Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Form CV-60P), and advising him that if he did not respond within thirty days, his case may be dismissed.  (Docket No. 2).  On March 1, 2023, the Clerk's Office issued and served on Plaintiff at his Address of Record, a Notice of Judge Assignment and Reference to a United States Magistrate Judge ("Notice of Assignment").  (Docket No. 3).

On March 13, 2023, copies of the Discrepancy Notice and the Notice of Assignment that were sent to Plaintiff at his Address of Record were returned by the Postal Service as undeliverable, with "NIC" notations (presumably standing for "not in custody") and notations that they could not be forwarded.  (Docket Nos. 4, 5).[1]  To date, Plaintiff has failed to notify the Court of his new/updated address.

As discussed below, this action is dismissed due to Plaintiff's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

---

[1]Both items of returned mail reflect they were received by the Clerk on March 13, 2023, with the former being filed on March 13, 2023, and the latter being filed on March 21, 2023. (Docket Nos. 4, 5).  On March 22, 2023, another copy of the Discrepancy Notice that was sent to Plaintiff and his "jailhouse lawyer" at the Address of Record was also returned undelivered with an "NIC" notation and a notation that it could not be forwarded.  (Docket No. 6).

1    **II.    DISCUSSION**

2         Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep

3    the Court apprised of his current address at all times.  Local Rule 41-6 provides in

4    pertinent part:

5         A party proceeding *pro se* must keep the Court and all other parties

6         informed of the party's current address as well as any telephone number

7         and e-mail address.  If a Court order or other mail served on a *pro se*

8         plaintiff at his address of record is returned by the Postal Service as

9         undeliverable and the *pro se* party has not filed a notice of change of

10        address within 14 days of the service date of the order or other Court

11        document, the Court may dismiss the action with or without prejudice for

12        failure to prosecute.

13        In the instant case, more than 14 days have passed since the service date of

14   the Discrepancy Notice and Notice of Assignment.  As noted above, to date,

15   Plaintiff has not notified the Court of his new address.

16        The Court has the inherent power to achieve the orderly and expeditious

17   disposition of cases by dismissing actions for failure to prosecute.  See Fed. R. Civ.

18   P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  In determining

19   whether to dismiss an action for failure to prosecute, a district court must consider

20   several factors:  (1) the public's interest in expeditious resolution of litigation;

21   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant;

22   (4) the public policy favoring disposition of cases on their merits; and (5) the

23   availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th

24   Cir. 1994).  Dismissal is appropriate under the foregoing analysis "where at least

25   four factors support dismissal . . . or where at least three factors 'strongly' support

26   dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)

27   (citations omitted).

28

1   The Court finds that the first two factors – the public's interest in
2   expeditiously resolving this litigation and the Court's interest in managing the
3   docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance
4   indefinitely based on Plaintiff's failure to notify the Court of his correct address.
5   See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of
6   action for lack of prosecution pursuant to local rule which permitted such dismissal
7   when pro se plaintiff failed to keep court apprised of correct address; "It would be
8   absurd to require the district court to hold a case in abeyance indefinitely just
9   because it is unable, through plaintiff's own fault, to contact the plaintiff to
10  determine if his reasons for not prosecuting his lawsuit are reasonable or not.").
11  The third factor, risk of prejudice to the defendants, also weighs in favor of
12  dismissal since a presumption of injury arises from the occurrence of unreasonable
13  delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th
14  Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on
15  their merits, is greatly outweighed by the factors in favor of dismissal discussed
16  herein.  Finally, given the Court's inability to communicate with Plaintiff based on
17  his failure to keep the Court apprised of his current address, no lesser sanction is
18  feasible.  See Musallam v. United States Immigration Service, 2006 WL 1071970
19  (E.D. Cal. Apr. 24, 2006).

20  **III.   ORDER**

21          IT IS THEREFORE ORDERED that this action is dismissed for want of
22  prosecution based upon Plaintiff's failure to keep the Court apprised of his current
23  address.

24          **IT IS SO ORDERED.**

25

26  DATED:April 12, 2023          _____

27                                HONORABLE JOHN W. HOLCOMB
                                  UNITED STATES DISTRICT JUDGE
28

4